UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLIARD WILLIAMS, | No. 2:14-cv-1248 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JAROM A. DASZKO, et al., | |
| Defendants. | |

Currently pending in this prisoner civil rights action are separate motions for summary judgment filed, respectively, by defendants Mathis and Daszko. See ECF Nos. 19, 21. Both motions are premised on the alleged failure of plaintiff to exhaust his administrative remedies. Plaintiff has timely filed oppositions to the motions. See ECF Nos. 24, 27, 33. Notwithstanding these matters, defendants sought and obtained an extension of the discovery and dispositive motion deadlines, to ensure additional time for discovery and motions on the merits of this action should their pending exhaustion motions be denied. See ECF Nos. 29, 30, 32.

Meanwhile, on April 30, 2015, defendant Mathis served and filed a motion to compel plaintiff to respond to defendant's Request for Production of Documents, Set One. See ECF No. 31. Although an opposition or statement of non-opposition was due within 21 days, see Local Rule 230(l), plaintiff did not file a response to the motion. Moreover, review of the motion

////

indicates that plaintiff did not respond to the production request.[1]  A party served with such request is obliged to serve a written response stating that inspection and copying will be permitted as requested, or setting forth the reasons for any objection.  Fed. R. Civ. P. 34(b).

Normally, under such circumstances, the court would issue an order directing plaintiff to show cause for his failure to respond to defendant's production request and motion.[2]  However, because the subject production requests seek evidence relevant to the merits of plaintiff's claims, not the question of administrative exhaustion, see ECF No. 31-2 at 5-9, the court finds that requiring plaintiff to respond to these matters at this time is overly burdensome and may be futile.  This predicament demonstrates the scheduling complications inherent in assessing an exhaustion motion before discovery has been completed on the merits of an action.  In light of the burdens to pro se prisoner plaintiffs, it is generally preferable to resolve the exhaustion question before requiring plaintiffs to respond to substantial discovery requests on the merits.  For these reasons, the court has reconsidered its prior order extending ongoing discovery

////

---

[1] Defense counsel's declaration states that the production request was served by mail on plaintiff on January 6, 2015.  See ECF No. 31-2.  Plaintiff's responses were due within 45 days.  See ECF No. 18 at 4 (Discovery and Scheduling Order filed Dec. 31, 2014). When plaintiff did not timely respond, counsel for defendant Mathis sent plaintiff a letter on March 9, 2015.  Plaintiff responded by letter sent March 17, 2015.  Thereafter defense counsel sent plaintiff a copy of the court's Discovery and Scheduling Order and extended the time for plaintiff's response to April 20, 2015.  Receiving no response, counsel filed the instant motion on April 30, 2015, which was the prior discovery deadline in this case (subsequently extended to July 31, 2015, see ECF No. 32).

[2] See Local Rule 230(l) ("Failure of the responding party to file written opposition or to file a statement of no opposition [to a pending motion in a prisoner case] may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."); Local Rule 110 (failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Fed. R. Civ. P. 37(b), (c) (failure to respond to a discovery request (and hence failure to obey the court's discovery order) is grounds for sanction).  Authorized sanctions include directing that designated facts be taken as established for purposes of the action; prohibiting the party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; and treating as contempt of court the failure to obey.  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

2

in this action, which will be vacated until further order of the court following a decision on the pending exhaustion motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Mathis' motion to compel discovery, ECF No. 31, is denied without prejudice to its renewal after this court reaches a decision on defendants' pending motions for summary judgment.

2. The order filed by this court on May 1, 2015, ECF No. 32, is vacated; discovery is stayed in this action, and the dispositive motion deadline is vacated, until further order of the court.

DATED: May 28, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3