UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLIARD WILLIAMS, | No. 2:14-cv-1248 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JAROM A. DASZKO, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action against two defendant physicians on claims that they were deliberately indifferent to plaintiff's serious medical needs. Presently pending is plaintiff's first request for appointment of counsel, which includes several exhibits demonstrating that plaintiff has been unable to obtain the voluntary assistance of counsel based on his own efforts. See ECF No. 43.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In the present case, the court does not find the required exceptional circumstances at this time.  Although this court's review of this case indicates that plaintiff has a reasonable opportunity of prevailing on the merits of his claims, plaintiff has, to date, adequately demonstrated the ability to articulate his claims pro se.  To prevail on his Eighth Amendment claims, plaintiff must present evidence demonstrating that defendants were aware of plaintiff's need for pain medication while recovering from his burn injuries but denied such relief.  To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard [ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

With this standard in mind, plaintiff should identify additional evidence that would support his claims, and formulate his discovery requests accordingly.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's instant motion for the appointment of counsel, ECF No. 43, is denied without prejudice.

DATED: April 4, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's discovery requests may include the following:  (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.