UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HILLIARD WILLIAMS,

    Plaintiff,

v.

JAROM A. DASZKO, et al.,

    Defendants.

No. 2:14-cv-1248 KJM AC P

ORDER

I.    Introduction

    Plaintiff is a state prisoner proceeding in forma pauperis with appointed pro bono counsel in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claims that defendant physicians Dr. Jarom Daszko and Dr. David Mathis were deliberately indifferent to plaintiff's serious medical needs. Plaintiff alleges that on September 7, 2012, during his incarceration at California Medical Facility (CMF), another inmate threw a caustic substance on plaintiff, causing second and third degree burns to plaintiff's face, neck, hands and arms. Plaintiff alleges that defendants failed to provide him with adequate pain medication, and challenges an alleged CMF policy that allowed only a prisoner's primary care physician to prescribe morphine; plaintiff's primary care physician, Dr. Wieland, was on vacation during the relevant period.

    Currently pending is plaintiff's motion to extend the discovery deadline. See ECF No. 70.

Although plaintiff set the matter for hearing on May 10, 2017, the court ordered expedited briefing, see ECF No. 71; the briefing is now complete, see ECF Nos. 72-4. For the reasons that follow, the court grants plaintiff's motion, extends the discovery deadline to August 4, 2017, extends the deadline for filing dispositive motions to November 3, 2017, and vacates the hearing on this matter.

II. Background

Plaintiff commenced this action in pro se by filing the operative complaint on May 21, 2014. See ECF No. 1. By order filed September 16, 2014, this court found, pursuant to 28 U.S.C. § 1915A, that the complaint states cognizable claims against defendants Daszko and Mathis, and directed the United States Marshal to serve process on these defendants. See ECF No. 8. The Marshal returned defendants' waivers of service on November 26, 2014. See ECF No. 14.

Defendant Mathis, represented by Deputy California Attorney General (DAG) Joseph Wheeler, filed and served his answer to the complaint on December 15, 2014, ECF No. 15; defendant Daszko, represented by private counsel Kevin Dehoff, with the Sacramento law firm Angelo, Kilday & Kilduff, filed and served his answer on December 23, 2014, ECF No. 17. The court issued the initial Discovery and Scheduling Order on December 31, 2014, which set a discovery deadline of April 30, 2015, and a dispositive motion deadline of July 30, 2015. See ECF No. 18.

Defendants Mathis and Daszko filed separate motions for summary judgment on March 3 and March 17, 2015, respectively. See ECF Nos. 19, 21. Both motions sought judgment on the ground that plaintiff had failed to exhaust his administrative remedies before commencing this action. The court granted plaintiff's request for extended time to prepare his opposition to the motions, ECF No. 23, and vacated other deadlines pending the court's decision on the motions, ECF No. 34. On February 8, 2016, the undersigned issued findings and recommendations recommending the denial of defendants' motions for summary judgment. See ECF No. 37. By order filed March 14, 2016, the district judge adopted the undersigned's findings and recommendations. See ECF No. 39.

By order filed March 16, 2016, the undersigned directed each party to file and serve a statement informing the court whether a settlement conference may be helpful in resolving this case. See ECF No. 41. Although plaintiff expressed support for scheduling a settlement conference, ECF No. 49, neither defendant agreed, ECF Nos. 44, 45.

On April 4, 2016, the court issued an Amended Discovery and Scheduling Order, with a discovery deadline of August 5, 2016, and a dispositive motion deadline of October 14, 2016. See ECF No. 47. Plaintiff requested a 120-day extension due to the recent death of his mother; his placement in the administrative segregation unit; his recent transfer to another prison and anticipated transfer to yet another prison, and related difficulties in accessing the prison law libraries and his legal materials; and because "both defendant[s] [are] sending all kinds of paper work to me at the same time it's to[o] much for me to deal with." ECF No. 50 at 1. The court granted plaintiff's request and issued a further scheduling order.

On April 20, 2016, the court issued a Further Amended Discovery and Scheduling Order, which set a discovery deadline of December 16, 2016, and a dispositive motion deadline of March 17, 2017. See ECF No. 51. Defendant Mathis filed a motion to compel discovery on August 3, 2016. ECF No. 59. Defendant Daszko filed a motion to compel discovery on October 19, 2016. ECF No. 65.

On November 15, 2016, the court granted plaintiff's request for appointment of counsel. See ECF No. 67; see also ECF Nos. 43, 62, 64. Three attorneys with the Los Angeles law firm Jenner & Block are working together to provide plaintiff with pro bono representation.

On November 29, 2016, the court issued yet another Further Amended Discovery and Scheduling Order, setting a discovery deadline of March 31, 2017, and a dispositive motion deadline of June 30, 2017. See ECF No. 68. These remain the operative dates. The court denied without prejudice defendants' respective motions to compel discovery, which were not renewed, apparently because resolved by plaintiff's newly appointed counsel.

On March 31, 2017, plaintiff's counsel filed the pending motion to extend discovery. ECF No. 70.

////

3

### III. The Motion

Plaintiff seeks to extend the discovery deadline by at least 90 days in order to obtain contact information for, and to depose, nonparties Dr. Deepak Mehta and Dr. John Wieland, and to propound additional written discovery on defendants Daszko and Mathis. Plaintiff's counsel conferred with defendants' counsel before filing the instant motion, but was unable to obtain a stipulation to extend the discovery deadline.

Plaintiff's counsel states that when appointed to represent plaintiff in November 2016, no witnesses had been deposed, and defendants had produced no documents in response to plaintiff's production requests. Plaintiff's counsel recounts in part, ECF No. 70 at 5-6:

> Following their appointment, Mr. Williams' attorneys met with Mr. Williams multiple times, propounded requests for production, obtained Mr. Williams' medical records from two third-party hospitals that treated his burn injuries, and deposed both Dr. Mathis and Dr. Daszko. But despite multiple attempts at service, Mr. Williams' counsel were unable to serve deposition subpoenas on two additional doctors from the California Medical Facility, and were precluded by the scheduling order from propounding additional written discovery to clarify statements that Defendants made during their depositions.
>
> . . . There is good cause under Rule 16(b) to modify the scheduling order. Although Mr. Williams' attorneys diligently conducted discovery in this case, they were not in a position to determine whether additional discovery was necessary until after the depositions of Dr. Mathis and Dr. Daszko, which they scheduled in conjunction with Defendants' counsel and postponed at the request of Dr. Daszko's attorneys. Within two days of concluding Dr. Daszko's deposition, Mr. Williams' counsel contacted opposing counsel, informed them that they planned to depose Dr. John Wieland and Dr. Deepak Mehta on March 30, and asked whether they would accept service. When they received no response, Plaintiffs' counsel then attempted to serve deposition subpoenas on Dr. Mehta and Dr. Wieland; despite making numerous attempts at service, however, they were unable to do so. Notwithstanding a compressed discovery schedule, Mr. Williams' pro bono counsel made significant efforts to conduct discovery in this case. Their diligence readily satisfies Rule 16(b)'s "good cause" requirement and justifies a short extension of the discovery cutoff date.

Plaintiff's counsel aver in more detail, with specific dates, that they proceeded diligently in this action, and note how the schedules of defense counsel caused independent delays. For example, while defense counsel were willing to reschedule plaintiff's December 5, 2016 deposition after he obtained counsel, the next available date for all was January 27, 2017; counsel for defendant

Mathis obtained a two-week extension to February 7, 2017 to serve his responses to plaintiff's discovery requests; plaintiff's counsel did not receive plaintiff's complete CMF Unit Health Record until January 27, 2017; and the March 6, 2017 deposition of Dr. Daszko needed to be rescheduled for March 14, 2017. See ECF No. 70 at 7-8; ECF No. 74 at 5.

Plaintiff's counsel also aver that defendants, at their respective depositions, offered "markedly different accounts of their interactions with Mr. Williams, their assessment of his pain, and their reasons for not prescribing pain medication." Id. at 8. In light of these differences, plaintiff's counsel determined that it is necessary to conduct further written discovery of defendants and to depose nonparty CMF physicians Dr. Mehta, who treated plaintiff the day of his injuries on September 7, 2012, and Dr. Wieland, plaintiff's treating physician who, upon returning from vacation on September 24, 2012, prescribed morphine to plaintiff. However, plaintiff's counsel state that they have been unable to locate either nonparty physician, and aver that defense counsel, particularly DAG Wheeler, have been unhelpful in obtaining and providing this information. See ECF No. 70 at 9.

Defendants oppose plaintiff's motion on the ground that plaintiff's appointed counsel have not acted diligently and assert that they would be prejudiced by extending the discovery and dispositive motion deadlines.

IV.   Legal Standards

A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, a pretrial conference order "controls the course of the action unless the court modifies it," Fed. R. Civ. P. 16(d), while a final pretrial conference order may be modified "only to prevent manifest injustice," Fed. R. Civ. P. 16(e).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (additional citations omitted). If the moving party acted diligently, "district courts should generally allow amendments of pre-trial orders provided three criteria are met:  (1)

5

no substantial injury will be occasioned to the opposing party, (2) refusal to allow the amendment might result in injustice to the movant, and (3) the inconvenience to the court is slight." Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996) (citation and internal quotation marks omitted).

V. Analysis

A. Diligence

Defendants argue that plaintiff's counsel have been dilatory in seeking to depose Drs. Wieland and Mehta, and that any follow-up questions to defendants should have been asked at their respective depositions. Defendants argue that the involvement of Drs. Wieland and Mehta should have been apparent to plaintiff's counsel at the time of their appointment. See ECF No. 72 at 2-4. They contend that the complaint identifies Dr. Wieland, and that plaintiff's medical records identify both nonparty physicians and detail their involvement in plaintiff's care.

Plaintiff's counsel responds that the medical records provided by plaintiff on December 21, 2016 were incomplete, and that counsel "had little understanding of Dr. Mehta's involvement in the case until . . . . Dr. Mathis produced Mr. Williams' Unit Health Record" on January 27, 2017. ECF No. 74 at 5. "Likewise, Mr. Williams' counsel did not have the complete set of Dr. Wieland's treatment notes until late January 2017." Id. at 5-6. Plaintiff's counsel aver that they sought to obtain the contact information for Drs. Wieland and Mehta nearly two months before the discovery cutoff date, on February 8, 2017, by seeking the information from defense counsel as an initial disclosure under Rule 26(a)(1)(A), but defense counsel opposed the request on the ground that this action remained exempt from that Rule. ECF No. 70, Ex. B (correspondence). Plaintiff's counsel further aver that "it would not have made sense for Mr. Williams' pro bono counsel to depose Dr. Wieland or Dr. Mehta until after Defendants' depositions had taken place . . . [which concluded] on March 14, 2017." ECF No. 74 at 6.

Although defendants and their counsel have been involved with this case since December 2014, plaintiff's appointed counsel have been involved only since November 15, 2016. Within the following three and one-half months, plaintiff's counsel resolved defendants' discovery disputes, propounded plaintiff's only productive discovery requests, deposed both defendants, and represented plaintiff at his deposition. During the same period, plaintiff's counsel have reviewed

6

plaintiff's medical records and other materials which were previously in the possession only of defendants or their counsel.

The court is persuaded that plaintiff's counsel vigorously pursued the locations of nonparty physicians Wieland and Mehta, particularly after discerning significant differences in the deposition testimony of defendants in mid-March.[1] Although defendants are technically correct in asserting that initial disclosures under Federal Rule of Civil Procedure 26(a)(1) were not required in this action, and were not required by further order of this court after appointment of counsel,[2] the refusal of DAG Wheeler to assist in locating, or accept service of the deposition subpoenas for, nonparties Wieland and Mehta appears to be unnecessarily litigious. As this court has emphasized, the appointment of pro bono counsel in prisoner civil rights cases is intended to achieve, in cooperation with defense counsel, the disclosure of all relevant information and fair resolution of the parties' disputes. For these reasons, DAG Wheeler will be directed to locate and obtain the service information for nonparty physicians Dr. Wieland and Mehta, and to accept service of their deposition subpoenas or show cause why he cannot do so.

---

[1] Plaintiff's counsel states, ECF No. 70 at 9 (internal citations and fn. omitted):
> On March 16—two days after concluding Dr. Daszko's deposition—Mr. Williams' counsel noticed the depositions of Dr. Mehta and Dr. Wieland and asked Mr. Wheeler whether he was willing to accept service on their behalf. [¶] On March 17, Mr. Williams' pro bono counsel (who had not received a response from Mr. Wheeler) served the deposition notices on opposing counsel and issued deposition subpoenas. Unfortunately, despite their best efforts, Mr. Williams' counsel was unable to serve the deposition subpoenas, despite multiple attempts. While Mr. Williams' pro bono counsel identified an address in Vacaville associated with Dr. Wieland, their process servers were unable to obtain a response despite making three attempts to serve him at this address. Likewise, while Mr. Williams' process servers made three attempts to serve Dr. Mehta at his home in El Cerrito, they were unable to reach him. Although Mr. Williams' pro bono counsel is still attempting to locate Dr. Wieland and Dr. Mehta, they informed Defendants' counsel that they were not in a position to depose them before the end of the discovery cutoff and asked if they would be amenable to a sixty-day extension. After Defendants' counsel responded that they would not agree to an extension, Mr. Williams filed this motion.

[2] "[A]n action brought without an attorney by a person in the custody of the United States, a state, or state subdivision" is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(iv). Moreover, when counsel was appointed for plaintiff in this case, the court did not order the exchange of initial disclosures.

1 | The court is also persuaded that, after discerning the differences in the deposition
2 | testimony of defendants Daszko and Mathis in mid-March, plaintiff's counsel acted reasonably
3 | diligently in seeking a stipulation to extend the discovery deadline to propound follow-up
4 | questions to defendants. Plaintiff's counsel promptly moved for extended time when it became
5 | apparent that additional time for discovery was necessary, after attempting unsuccessfully to
6 | extend time by stipulation of the parties. See Jackson v. Laureate, Inc., 186 F.R.D. 605, 608
7 | (E.D. Cal. 1999) (diligence demonstrated by promptly seeking amendment of scheduling order
8 | when need for amendment becomes apparent). Moreover, this is the first request of plaintiff's
9 | counsel to extend dates in this action.

For these several reasons, the court finds that plaintiff's counsel has acted diligently in conducting discovery to date, in seeking a stipulation of the parties to extend the discovery deadline, and in filing the instant motion.

### B. Prejudice to Defendants

The court finds that a modification of the scheduling order will not be unduly prejudicial to either defendant. Counsel was appointed for plaintiff to, initially, obtain all relevant discovery. "[I]f discovery is reopened, Defendants would have to engage in the normal discovery process that would have taken place if, at the start of his case, Plaintiff had not been acting pro se. Although reopening discovery might inconvenience Defendants, it is not prejudicial for all parties to be in possession of the relevant evidence." Perkins v. Contra Costa Cty. Sheriff's Dep't J-Team, No., 2010 WL 539260, at *2, 2010 U.S. Dist. LEXIS 11140, at *7 (N.D. Cal. Feb. 9, 2010).

Further, any prejudice to defendants by extension of the discovery deadline is offset by an equivalent extension of the deadline for filing dispositive motions.

### C. Plaintiff's Interests

The court finds that "refusal to allow the [scheduling] amendment might result in injustice to the movant." Amarel, supra, 102 F.3d at 1515. The court is persuaded by plaintiff's assessment that "the discovery sought by Mr. Williams is highly likely to be relevant." ECF No. 70 at 13. "The depositions of Dr. Mehta and Dr. Wieland will focus on issues that bear directly

on Mr. Williams' claims: their assessment of the amount of pain Mr. Williams was in, their assessment regarding the type of pain medication that was indicated, and the policies governing the use of opioid medications by physicians at the California Medical Facility. Furthermore, the few additional written discovery requests Mr. Williams seeks to serve are either (a) designed to facilitate contact with Dr. Mehta and Dr. Wieland or (b) focused on clarifying statements made during Defendants' depositions." Id.

The arguments of defense counsel in opposition underscore the potential relevance of the anticipated discovery. In his argument that plaintiff's counsel was dilatory in attempting to subpoena Drs. Wieland and Mehta because it should have been obvious to counsel that the testimony of these physicians was relevant to the issues in this case, counsel for defendant Mathis avers, ECF No. 72 at 3-5 (emphasis added):

> Although Plaintiff states that he now desires to depose **Dr. Wieland** regarding the existence of a policy that precluded doctors other than Plaintiff's primary care physician from prescribing additional morphine, this alleged policy is not something about which Plaintiff recently learned during discovery. It is not a "new" fact. To the contrary, **this alleged policy is at the very heart of the action**. . . .
>
> **[T]he decisions of Drs. Daszko, Mathis, and Mehta whether to prescribe Plaintiff morphine, as well as the policies related thereto, are at the very heart of this case** . . . .
>
> [T]his case is based on Defendants' alleged refusal to provide Plaintiff with additional pain medication, morphine in particular, as a result of some policy precluding anyone other than Plaintiff's primary care physician from changing his pain medications. And, therefore, from the very outset of the case, Plaintiff knew such **policies were relevant and, in fact, potentially necessary to the prosecution of the action.**

Similarly, asserting the alleged delay of plaintiff's counsel in attempting to subpoena Drs. Wieland and Mehta, counsel for defendant Daszko avers, ECF No. 73 at 2 :

> **[D]ifferences in testimony regarding a key theory of Plaintiff's case** should not justify extending the discovery deadline. . . . A reasonably diligent counsel would have attempted to depose Dr. Wieland [earlier] . . . . **This information goes to the heart of the lawsuit.**

Because the court finds that plaintiff's counsel have acted diligently, defendants' concession that the further discovery sought by plaintiff is relevant to the claims in this action

9

provides additional support for granting plaintiff's motion.

### D. The Court's Docket

The duration of this case, with its prior extensions of the discovery and dispositive motion deadlines, is not unusual for a prison civil rights action commenced by a plaintiff proceeding pro se. The appointment of counsel in this case has facilitated the progress of the case toward resolution. Because trial has not yet been scheduled, neither the undersigned magistrate judge nor the assigned district judge will be inconvenienced by a further extension of the pretrial deadlines. Cf. Perez v. Wells Fargo & Co., 75 F. Supp. 3d 1184, 1190 (N.D. Cal. 2014) ("In order to determine whether something causes a 'delay' in the trial, there must be a trial schedule set[.]").

### VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the scheduling order, ECF No. 70, is granted.

2. The hearing on plaintiff's motion scheduled for May 10, 2017, is vacated.

3. The discovery deadline is extended to August 4, 2017, and the deadline for filing dispositive motions is extended to November 3, 2017. Responses to further discovery requests shall be served within twenty-one (21) days after service of the request. Dispositive motions shall be scheduled and briefed in accordance with Local Rule 230.

4. Within fourteen (14) days after the filing date of this order, Deputy Attorney General Joseph Wheeler is directed to locate and obtain the service information for nonparty physicians Dr. Wieland and Mehta, and to provide such information to plaintiff's counsel; Mr. Wheeler is also directed to accept service of these nonparties' deposition subpoenas or show cause in writing to the court within twenty-one (21) days after the filing date of this order why he is unable to do so.

SO ORDERED.

DATED: May 2, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10