UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLIARD WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>JAROM A. DASZKO, et al.,<br><br>Defendants. | No. 2:14-cv-1248 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 5, 2018, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days; extensions of time were accorded. Plaintiff and defendant Mathis filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the file and considered the objections, the court finds the findings and recommendations to be supported by the record and by proper analysis, while addressing selected objections below.

/////

1

Plaintiff objects to the magistrate judge's "decision to discount Plaintiff's allegations of other, undocumented encounters with Dr. Daszko simply because they were 'vague'." Pl.'s Objs. at 10[1] n.7 (citing Findings at 16–17). Even if plaintiff's vague allegations translate to admissible evidence at trial, however, they do not change the magistrate judge's recommendation to grant summary judgment to Daszko, because plaintiff provides no evidence that Daszko's alleged refusals to increase plaintiff's pain medication were the product of deliberate indifference and not, for example, based on his own medical judgment. *See Gauthier v. Stiles*, 402 F. App'x 203 (9th Cir. 2010) (affirming district court's dismissal of prisoner's claim of deliberate indifference based on "disagreement with the dosage or type of pain medicine administered" and "denial of prescription strength pain medicine for two days"); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) ("A difference of [medical] opinion does not amount to a deliberate indifference to [plaintiff's] serious medical needs.").

Additionally, plaintiff objects to the magistrate judge's finding that the claim against Daszko could not survive as a matter of law, because "plaintiff has presented no evidence to refute Dr. Daszko's assessment that plaintiff's pain level appeared tolerable that day . . . ." and thus "no reasonable trier of fact could conclude that Dr. Daszko was subjectively aware of acute pain that required his intervention, and to which he was deliberately indifferent," Findings at 19–20; *see* Pl.'s Objs. at 5. Plaintiff argues he informed Daszko that the pain medication he was receiving was not enough to treat the pain he continued to suffer from his burns, and this ongoing pain was consistent with the injuries he suffered, according to plaintiff's medical expert. Pl.'s Objs. at 7; Gilbert Report, ECF No. 98-2, at 206[2]). "In other words," plaintiff explains, "there is evidence that Mr. Williams was in severe pain, and there is evidence that Mr. Williams communicated his need for additional pain relief to Dr. Daszko." *Id.* at 7–8.

However, even if the court were to find there exists a genuine dispute of fact regarding whether Daszko knew plaintiff was in severe pain, no reasonable factfinder could

---

[1] Citations to filings on the docket refer to ECF pagination, not the document's internal pagination.

[2] This citation refers to the document's internal pagination.

conclude Daszko's act of prescribing plaintiff ice packs, rather than increasing his dosage of pain medication, constituted deliberate indifference. Though plaintiff's expert Dr. Gilbert contends that ice packs could worsen plaintiff's condition, plaintiff does not present evidence that the ice packs actually caused plaintiff any harm. *See* Findings at 19; Gilbert Report at 205. Moreover, even if the provision of ice packs was medically unacceptable under the circumstances, "the plaintiff must [also] show that [defendant] chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). It is undisputed that plaintiff encountered Daszko while Daszko was off duty and "passing through" the clinic "after completing [his] shift," not during a medical appointment with Daszko. *See* Findings at 18; Daszko Dep., ECF No. 90-3, at 92:2–19[3]. Plaintiff contends that Daszko told plaintiff he would not change his prescription, because only his primary care physician could prescribe him additional pain medication. Pl.'s Response to Def. Daszko's Statement of Undisputed Facts, ECF No. 98-3 (citing Daszko Dep. 93:2–11). Explaining why he chose not to increase plaintiff's pain medication, Daszko testified, "it was not in anyone's best judgment to adjust a patient's pain medications on anything but an acute basis." Daszko Dep., at 93:12–19. Dr. Daszko did not ignore plaintiff's medical need, but rather took steps to inform him how he could properly obtain more pain medication and provided him with ice packs. Viewing these facts in the light most favorable to plaintiff, Daszko was at worst negligent, but no reasonable trier of fact could find that he was deliberately indifferent. *See Ricker v. California Dep't of Corr.*, No. CV 09-9417 JVS (JCG), 2010 WL 5634316, at *2–3 (C.D. Cal. Dec. 15, 2010) (claim that prisoner was prescribed certain pain medication by "another Doctor" but was later placed on a new pain medication by CSP–LAC medical staff that allegedly "did nothing for [his] pain and suffering," was a disagreement with prison doctors regarding medical treatment that failed to state an actionable Eighth Amendment claim), *adopted*, 2011 WL 227593 (C.D. Cal. Jan. 18, 2011); *Mantigal v. Cate*, No. CV 10-1503-DMG MLG, 2010 WL 3365735, at *5–6 (C.D. Cal. May 24, 2010) (prison medical staff decision to change pain medication prescribed at another institution

---

[3] This citation refers to the document's internal pagination, not the ECF pagination.

3

from Tylenol with Codeine or Gabapentin (Neurontin), to regular Tylenol, failed to state actionable Eighth Amendment claim), *adopted*, 2010 WL 3365383 (C.D. Cal. Aug. 24, 2010), Therefore, the magistrate judge's conclusion that summary judgment should be granted on the claim against Daszko is correct.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 5, 2018, are adopted in full[4];
2. Defendant Daszko's motion for summary judgment (ECF No. 90) is GRANTED;
3. Defendant Mathis's motion for summary judgment (ECF No. 92) is DENIED; and
4. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: March 31, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The court notes a minor typographical error in the citation on page 7, line 3, which should read *Farmer*, 511 U.S. at 843 n.8, instead of citing to page 842.